IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS L. CARGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-659-D |
| | ) | |
| | ) | |
| MARTY SIRMONS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings. On October 30, 2007, Judge Couch filed a Report and Recommendation [Doc. No. 19] in which she recommended that the Court deny the Petition. Because Petitioner timely filed an objection to the Report and Recommendation, the matter is reviewed *de novo.*

Petitioner challenges his convictions in the District Court of Oklahoma County; initially, he was convicted of two counts of First Degree Murder and one count of Possession of a Firearm After Former Conviction of a Felony. He was sentenced to death on the murder convictions and a ten-year sentence on the gun charge. As explained in detail in the Report and Recommendation, his appeals were denied. However, his request for federal habeas relief was granted, and the Tenth Circuit Court of Appeals affirmed that decision. *See Cargle v. Mullin*, 317 F.3d 1196 (10th Cir. 2003). As a result, the case was remanded to the state for a new trial. That trial resulted in a mistrial. In his third trial, Petitioner was convicted of accessory after the fact as to one of the murders and First Degree

Murder as to the second murder; he was again convicted on the gun charge. Petitioner was sentenced to 40 years imprisonment on the charge of accessory after the fact, life without parole as to the First Degree Murder conviction, and 10 years imprisonment on the gun charges; the sentences were to run consecutively.

Petitioner's convictions were affirmed by the Oklahoma Court of Criminal Appeals[1] ("OCCA") on May 4, 2007. Thereafter, Petitioner brought this action. He asserts three grounds for habeas relief: 1) that he was denied the right of confrontation in violation of his Sixth and Fourteenth Amendment rights; 2) that he was denied the due process right to a fundamentally fair trial because the trial court failed to instruct the jury that the testimony of an accomplice must be independently corroborated; and 3) the evidence was insufficient to support his conviction because the accomplice testimony was not independently corroborated. These three claims were raised in his appeal, and all were rejected on the merits by the OCCA.

As the Magistrate Judge correctly explained in the Report and Recommendation, the standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the habeas grounds asserted by Petitioner and adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004). According to the AEDPA, this Court may grant habeas relief only if the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. § 2254(d)(1).

Applying this standard of review, the Court must first determine if the principles of federal

---

[1] As the Magistrate Judge pointed out, OCCA's opinion summarizes the facts on which the charges were based. That summary is accurately quoted at pages 2 and 3 of the Report and Recommendation, and is incorporated herein by reference.

law on which Petitioner relies were clearly established at the time of the state court decision. *Turrentine*, 390 F.3d at 1189.  If so, the Court must determine if the state court decision was contrary to, or an unreasonable application of, the clearly established federal law.  *Id.*  The United States Supreme Court has determined that a decision is contrary to established federal law if "the state court applies a rule that contradicts" the Supreme Court's decisions or if the state court considers facts which are "materially indistinguishable" from those considered in a Supreme Court decision and the state court reaches a different result.  *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  The state court decision must be "diametrically different" and "mutually opposed" to the Supreme Court's decision.  *Id.* at 406.  The Court in *Williams* further held that, to constitute an "unreasonable application" of federal law, the state court decision must identify the "correct governing legal principle," but must unreasonably apply that principle to the facts of the case at issue.  *Williams*, 529 U.S. at 413.   The factual findings of the state courts are presumed to be correct, and the Petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  *Short v. Sirmons*, 472 F.3d 1177, 1184 (10th Cir. 2006).  Finally, even if the district court determines that the state court decision was contrary to, or involved an unreasonable application of, established federal law,  the harmless error standard must be applied unless the error is a structural defect in the trial that precludes harmless-error analysis.  *Turrentine*, 390 F.3d at 1189, *citing Brecht v. Abrahamson*, 507 U.S. 619 (1993) and *O'Neal v. McAninch*, 513 U.S. 432 (1995).

     In the Report and Recommendation in this case, the Magistrate Judge thoroughly examined the record and analyzed each of Petitioner's asserted bases for habeas relief according to the proper standard of review.  The Court has reviewed that analysis in detail, and concludes that Judge Couch correctly determined that the state court decisions were not contrary to established federal law

governing the issues presented. Furthermore, she correctly concluded that the state court did not unreasonably apply Supreme Court precedent in reaching its decision. The Court will not repeat the analysis here, but adopts the same as set forth herein.

In his objection to the Report and Recommendation, Petitioner fails to present argument or authority sufficient to warrant a conclusion that Judge Couch's recommendation should be rejected. His argument does not support his claims for habeas relief.

Accordingly, having reviewed the matter *de novo*, the Court concludes that the Report and Recommendation [Doc. No. 19] should be ADOPTED. The petition for habeas corpus relief is DENIED.

IT IS SO ORDERED this 26th day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE